**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 24-1474-JFW(MARx)**                                                     Date:  May 20, 2024

Title:   Nationwide Affordable Housing Fund 30, LLC, et al. -v- Creative Housing and Services

**PRESENT:**
         **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                              None Present
   Courtroom Deputy                                            Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
             None                                                   None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

   On February 22, 2024, Plaintiffs Nationwide Affordable Housing Fund 30, LLC and SCDC, LLC (collectively, "Plaintiffs") filed a Complaint against Defendant Creative Housing & Services f/k/a Community Housing Management Services ("Defendant") in this Court, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Plaintiffs have failed to allege sufficient information for the Court to determine whether it has subject matter jurisdiction over this action.  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  For the purposes of diversity jurisdiction founded under 28 U.S.C. § 1332(a), a limited liability company is a citizen of every state of which its members are citizens.  *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Although Plaintiffs are both limited liability companies, Plaintiffs have failed to identify the members of each of the limited liability companies and allege each member's citizenship.

   Accordingly, Plaintiffs are hereby ordered to show cause, in writing, no later than **May 23, 2024** why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action.

   IT IS SO ORDERED.